FRANCES H. CAHEN, Plaintiff, *v.* WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Defendants.

Supreme Court, Special Term, New York County, June 27, 1955.

*Peter Campbell Brown, Corporation Counsel (Morris Handel and Edith I. Spivack of counsel), for defendants.*

*Steckler, Hoffman & Steckler* for plaintiff.

SCHREIBER, J. In the court's opinion the legislative purpose in amending section 292-b of the Tax Law, by eliminating the restriction of that section to counties having a population of less than 100,000 (L. 1955, ch. 651), was to give the provisions of section 292-b State-wide effect. It is true that the words "upon the petition and notice", were permitted to remain. These words had been appropriate prior to the amendment because, up to that time, the section applied only to counties having a population of less than 100,000 and, in such localities, the proceeding is required to be commenced by petition and notice. When the restriction to such counties was removed, the Legislature should, in the interest of perfection, have amended the section by adding the words "the petition" so as to make the section read, "upon *the petition* or petition and notice," in view of the fact that in the city of New York the proceeding is commenced upon petition only, without a notice (Tax Law, § 291). The Legislature's failure to do so appears, however, to have been inadvertent. The words "upon the petition and notice", as used in section 292-b, are merely descriptive in nature and do not restrict or limit the amended section to proceedings which must be commenced by petition *and notice.* The intent to make section 292-b State-wide in its application is confirmed by the addition to section 292-b of a second sentence to the effect that the section shall apply "to all proceedings". Although the language adds "regardless of the date the same shall have been commenced", the use of the word "all" tends to indicate that the legislative intent was twofold: (1) that the section should apply to "all" proceedings and (2) that it should apply to "all" proceedings regardless of when they were commenced. It is difficult to believe that if the Legislature had intended merely to extend the application of section 292-b to all parts of the State *except New York City,* it would have done so by striking out the words "in a county having a population of less than one hundred thousand", thus removing the only geographical restriction contained in the section, without expressing its intention to exclude New York City other than by its retention of the words "and notice". As pointed out in the defendant's brief, the view that the purpose of the 1955 amendment was to make section 292-b applicable throughout the State is that which was generally accepted

by those commenting on or interpreting the section, including the New York Legislative Record and Index for 1955.

The motion for judgment on the pleadings in favor of defendant is granted. Plaintiff's motion for judgment in her favor is denied.